JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

OWEN P. MARTIKAN (CSBN 177104)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7241
    Facsimile: (415) 436-7234
    owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> DONALD CLYBURN, ) <br> ) <br>     Defendant. ) <br> _____) | No. CR 07-0473 PJH <br><br> **THE UNITED STATES' MOTION FOR REMAND UNDER 18 U.S.C. § 3143(a)(2)** |

### INTRODUCTION

On February 27, 2008, defendant Donald Clyburn will plead guilty to possessing child pornography in violation of 18 U.S.C. § 2252(a)(4). The purpose of this motion is to request that Clyburn be detained after the Court accepts his plea, as 18 U.S.C. § 3143(a)(2) requires.

### ARGUMENT AND AUTHORITIES

**I.  THE COURT MUST REMAND CLYBURN UPON FINDING HIM GUILTY.**

Because the statute criminalizing the possession of child pornography, 18 U.S.C. § 2252(a)(4), is contained within Chapter 110 of Title 18, that crime is considered a "crime of

violence" under 18 U.S.C. § 3156(a)(4)(C).  The relevance of this definition to Clyburn's detention upon change of plea is that 18 U.S.C. § 3143(a)(2) requires the Court to remand Clyburn into custody upon finding him guilty of violating 18 U.S.C. § 2252(a)(4), subject to two statutory exceptions (set forth in subsections (A)(i) and (A)(ii)) that on their face do not apply here.

## II.   NO EXCEPTIONAL REASONS JUSTIFY CLYBURN'S RELEASE PENDING SENTENCING.

Notwithstanding the mandatory language in 18 U.S.C. § 3143(a)(2), this Court has the authority to release Clyburn pending the execution of his sentence if it finds "exceptional reasons" why detention under 18 U.S.C. § 3143(a)(2) would not be appropriate.  18 U.S.C. § 3145(c).[1]

The Court should not find exceptional reasons to release Clyburn after his conviction. Though the Ninth Circuit has acknowledged the "broad discretion" that district courts possess in determining whether "exceptional reasons" to postpone detention exist, it has noted that district courts should focus on "truly unusual factors" that would make it unreasonable to incarcerate a defendant pending appeal (or here, execution of the sentence). *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003).

Clyburn has yet to produce any evidence of truly unusual factors that warrant his release following the entry of his guilty plea.  The United States anticipates that Clyburn may argue that he has unusual security needs because of his status as a retired police officer, and because of the sexual nature of his offense.  The Court should reject these arguments.  First, Clyburn's fear of retaliation in prison is not unusual: every cooperating witness – and there are many – faces this threat, and the defendants in *Garcia*, who were both former correctional officers, did not even raise this argument as an "exceptional reason" to avoid detention pending appeal.  In *United States v. Douglas*, 824 F.Supp. 98, 99 (N.D. Tex. 1993), the district court rejected the defendant's argument that his fear of retaliation was an exceptional reason to release him

---

[1] The United States does not contend that Clyburn cannot meet the requirements of 18 U.S.C. § 3143(a)(1), and 18 U.S.C. § 3143(b)(1) does not apply here, as there is no appeal.

CR 07-0473 PJH
PLAINTIFF'S MOTION FOR REMAND                      2

pending sentencing. The district court noted that this risk is not exceptional, given the number of cooperating witnesses who face incarceration. *Id*. Moreover, prisons have the ability to segregate and protect particularly vulnerable inmates.

Clyburn's fear of retaliation due to the nature of his offense – if he raises this argument – is similarly unexceptional. Indeed, were the Court to consider a sex offender's fear of retaliation as an exceptional reason to allow his release pending sentencing, then it would eviscerate the statutory language defining sexual offenses as crimes of violence that require detention pending sentencing. *See* 18 U.S.C. §§ 3143(a)(2), 3156(a)(4).

The United States does not have any information about a specific medical condition that Clyburn may claim as an exceptional reason to release him pending sentencing. The Ninth Circuit has held that a "severely ill or injured defendant" may have exceptional reasons to postpone detention if "maintaining an uninterrupted course of treatment" with a particular physician is particularly relevant. *Garcia*, 340 F.3d at 1019-20. This argument should also be balanced against the availability of medical treatment in prison. Because Clyburn has yet to present evidence of a medical condition that would render detention pending sentencing "unusually harsh," the United States would appreciate the chance to respond if he does so.

**CONCLUSION**

The Court should find that upon the acceptance of his guilty plea, Clyburn will be subject to the mandatory detention provision of 18 U.S.C. § 3143(a)(2), and that he cannot show the exceptional reasons to avoid detention that would justify his release under 18 U.S.C. § 3145(c).

DATED: February 13, 2008          Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


             /s/ Owen Martikan
OWEN P. MARTIKAN
Assistant United States Attorney